**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | |
|---|---|
| JEREMIAH WINDSOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LANGDON & COMPANY, LLP,<br><br>Defendant. | Case No. 5:25-cv-627 |

**DEFENDANT LANGDON & COMPANY, LLP's NOTICE OF REMOVAL**

Defendant Langdon & Company, LLP, ("Langdon" or "Defendant") hereby removes this putative class action from the Superior Court of North Carolina for the County of Wake to the United States District Court for the Eastern District of North Carolina Western Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and on the basis of the following facts, which show that this case may properly be removed to this Court.[1]

**BACKGROUND AND PLAINTIFF'S COMPLAINT**

1. Plaintiff filed this action on August 29, 2025, in the General Court of Justice, Superior Court Division, for the County of Wake, North Carolina, File No.

[1] This Court has previously determined that a plaintiff in a related case sufficiently alleged the existence of subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d). *Nobles v. Langdon & Company, LLP*, Case No. 4:25-CV-00161-M (E.D.N.C. Sept. 26, 2025), DE No. 15.

25CV030501-910, captioned *Jeremiah Windsor, individually and on behalf of all others similarly situated, v. Langdon & Company, LLP*, (the "State Court Action").

2. The Complaint filed in the State Court Action is attached as Exhibit A (the "Complaint" or "Compl."). Langdon was served with the Complaint on or after September 4, 2025, making this removal timely.

3. The Complaint asserts the following claims: (i) negligence, (ii) breach of implied contract, (iii) negligence *per se*, (iv) breach of fiduciary duty, and (v) unjust enrichment. *See* Compl. ¶¶ 20, 216-274.

4. The foregoing claims arise from Plaintiff's allegations that Langdon failed to adequately protect certain Personally Identifiable Information ("PII") and Protected Health Information ("PHI") (collectively, the "Private Information") of patients of Easter Seals UCP North Carolina & Virginia, Inc. ("Easterseals"), which it had access to as a provider of accounting services to Easterseals. *Id.* ¶¶ 1, 3-4.

5. Specifically, Plaintiff alleges that a data breach (the "Incident") resulted from Langdon's "failure to implement adequate and reasonable cyber-security procedures and protocols necessary to protect individuals' Private Information[.]" *Id.* ¶ 9.

6. Plaintiff further alleges that Langdon failed "to provide adequate and timely notice to Plaintiff and other Class Members that their information was subjected to unauthorized access by a unknown third party and precisely what specific type of information was accessed." *Id.* ¶ 10.

7. As a result, Plaintiff alleges that he and the putative class members have suffered and will continue to suffer the following injuries as a result of the Incident, including but not limited to:

a. The loss of the opportunity to control how Private Information is used;

b. Unauthorized use of stolen Private Information;

c. Dramatic increase in spam telephone calls;

d. Emotional distress;

e. The compromise and continuing publication of their Private Information;

f. Out-of-pocket expenses associated with the prevention, detection, recovery, and remediation from identity theft or fraud, and for necessary credit monitoring and identity theft protection;

g. Lost opportunity costs and lost wages associated with the time and efforts expended addressing and trying to mitigate the actual and future consequences of the Data Breach, including, but not limited to, efforts spent researching how to prevent, detect, contest, and recover from identity theft and fraud;

h. The diminution in value of their Private Information;

i. Delay in receipt of tax refund monies; and

j. The continued risk to their PII and PHI, which remains in the possession of Defendant and is subject to further breaches so long as

> Defendant fails to undertake the appropriate measures to protect the PII and PHI in its possession.

*Id.* ¶ 141.

8. Plaintiff seeks remedies including, but not limited to, compensatory damages, reimbursement of out-of-pocket costs, and injunctive relief including improvements to Langdon's data security systems, future annual audits, and adequate credit monitoring services funded by Langdon. *Id.* ¶ 19.

9. Plaintiff brings this action pursuant to N.C. Gen. Stat. § 1A-1, Rule 23. *Id.* ¶ 202.

10. Plaintiff purports to bring the State Court Action on behalf of himself and "all similarly situated individuals whose Private Information was accessed during the Data Breach." *Id.* ¶ 18.

11. Based on the allegations in the Complaint, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) and Langdon has satisfied the procedural requirements for removal.

**THE COURT HAS JURISDICTION OVER THIS ACTION UNDER CAFA**

12. This Court has original jurisdiction over the State Court Action, and the case may be removed to this Court pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").

13. CAFA expanded federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction where the putative class contains (1) at

least 100 class members; (2) any member of the putative class is a citizen of a State different from that of any defendant; (3) and the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

14. Based on the allegations in Plaintiff's Complaint, each of CAFA's requirements is satisfied here.

**A. The Putative Class Exceeds 100 Members.**

15. Plaintiff purports to bring this action on behalf of "himself and all similarly situated individuals whose Private Information was accessed during the Data Breach." Compl. ¶ 18.

16. According to Plaintiff, "the Members of the Class are so numerous that joinder of all of them is impracticable." *Id.* ¶ 207.

17. Further, Langdon has provided notice to the Health and Human Services Office of Civil Rights that 46,061 individuals may have been affected. *Id.* ¶ 207.

18. Langdon also provided notice letters to the potentially affected individuals on June 3, 2025, after it determined that their Private Information was among the data implicated by the Incident. *Id.* ¶¶ 44-45; Ex. A.[2]

---

[2] Importantly, an individual's receipt of a notice letter from Langdon does not mean that the individual's Private Information was, in fact, misused. Rather, out of an abundance of caution, Defendant mailed notice letters to all individuals for whose personal information was among the data affected. *See* Compl., Ex. A.

19. Accordingly, the aggregate number of putative class members exceeds the 100 required for purposes of 28 U.S.C. § 1332(d)(5)(B).

**B. Minimal Diversity Exists.**

20. Under CAFA, there must be minimal diversity to confer original federal jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A). Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.*

21. Plaintiff alleges that he is a citizen and resident of Enfield, North Carolina, *see* Compl. ¶ 21, and Defendant Langdon is a citizen of Garner, North Carolina, where it continues to have its principal place of business and is organized. *Id.* ¶ 22; *see also Limited Liability Partnership*, NORTH CAROLINA SECRETARY OF STATE, https://sosnc.gov/online_services/search/Business_Registration_profile/9533326 (last visited Oct. 1, 2025).[3]

22. At least one member of the putative class is a citizen of a state other than North Carolina, as the Incident involved data from patients of Easterseals, a company with facility and community locations across North Carolina and Virginia. *Easterseals PORT Health FAQs*, https://eastersealsport.com/faqs/ (last visited Oct. 1, 2025).

[3] As an unincorporated partnership, for purposes of CAFA, Defendant Langdon is a citizen of the state in which it maintains its principal place of business and the state under whose laws it is organized. *See* 28 U.S.C. § 1332(d)(10).

23. Langdon also provided formal notice to persons in states beyond North Carolina and Virginia. As an example, on August 21, 2025, Langdon provided notice to the Office of the New Hampshire State Attorney General Consumer Protection & Antitrust Bureau, that residents of New Hampshire may have been impacted by the Incident. *See* NEW HAMPSHIRE STATE GOVERNMENT, *Letter to Office of the New Hampshire State Attorney General*, https://mm.nh.gov/files/uploads/doj/remote-docs/langdon-cpa-20250821.pdf (last visited Oct. 1, 2025).

24. As a result, the Incident affected numerous Easterseals patients who are residents and citizens of Virginia, and various other states, and thus part of the putative class as defined in the Complaint. *See* Compl. ¶ 18.

25. Accordingly, at least one member of the putative class "is a citizen of a State different from *any defendant*"—*i.e.*, Langdon. 28 U.S.C. § 1332(d)(2)(A) (emphasis added). CAFA's minimal diversity requirement is therefore satisfied.

**C. The Amount in Controversy Exceeds $5 Million.**

26. Lastly, under CAFA, the "matter in controversy" must "exceed[ ] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). To meet this requirement, a defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 84, 89 (2014). Even "when a plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.* at 84.

27. Thus, based on the plain allegations in the Complaint, Plaintiff is seeking remedies including, but not limited to, "compensatory damages, reimbursement of out-of-pocket costs, and injunctive relief including improvements to Defendant's data security systems, future annual audits, and adequate credit monitoring services funded by Defendant." Compl. ¶ 19.

28. Further, Langdon notified the Health and Human Services Office of Civil Rights that a total of 46,061 individuals may have been affected. *Id.* ¶ 8.

29. Additionally, Plaintiff alleges that, as a result of the Incident, he and the putative class members are "incurring and will continue to incur" damages associated with "any fraudulent use of their private information." *Id.* ¶ 89.

30. Plaintiff further alleges that potential victims of identity theft—such as Plaintiff and the other putative Class Members—spend "large amounts of time and money to recover their identities" and that Plaintiff himself "anticipates spending considerable amounts of time and money to try and mitigate his injuries." *Id.* ¶¶ 148, 78.

31. Thus, with a class of nearly 50,000, even a mere $100 claim per class member amounts to aggregate damages that reach the $5 million threshhold. *See id.* ¶ 207 (asserting that at least 46,061 were affected by the Incident).

32. The requested credit monitoring services alone, on behalf of over 45,000 individuals, would likely cost several millions of dollars. *See Castillo v. Berry Bros Gen. Contractors Inc.*, No. 6:24-CV-01723, 2025 WL 1062091, at *2 (W.D. La. Apr. 8, 2025) (determining CAFA amount-in-controversy requirement was met where

plaintiff requested credit monitoring services for 6,210 individuals affected by a data breach).

33. Given the Plaintiff's allegations, it is almost certain that the actual damages sought would be well in excess of $5 million.

34. Accordingly, because the above figures represent "an estimate of the amount that will be put at issue in the course of the litigation," which is greater than $5 million, Langdon has shown that the amount in controversy requirement is met for removal under CAFA. *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017).

## LANGDON HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

35. This Notice of Removal sets forth Langdon's "short and plain statement of the grounds for removal," pursuant to 28 U.S.C. § 1446(a).

36. Langdon is removing the State Court Action to the United States District Court for the Eastern District of North Carolina, because the case was originally filed in the Superior Court of North Carolina for the County of Wake, a state court located within the Western Division of the Eastern District of North Carolina. Thus, this Court is in the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a).

37. Additionally, Langdon's Notice of Removal is timely, because it was filed within 30 days of service of the Complaint on Langdon. *See* 28 U.S.C. § 1446(b). Langdon was served with the Complaint on or after September 4, 2025, and it filed

this Notice of Removal on October 2, 2025. No previous application has been made for the relief requested herein.

38. Further, "a copy of all process, pleadings, and orders served" on Langdon in the State Court Action is attached as Exhibits A through G. *See* 28 U.S.C. § 1446(a).[4] Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is also being served upon counsel for Plaintiff and filed with the Superior Court of North Carolina for Wake County.

39. Langdon has not yet filed a responsive pleading in this case, and it reserves all rights to assert any and all defenses with respect to the Complaint. Additionally, it reserves the right to amend or supplement this Notice.

40. For the foregoing reasons, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

## CONCLUSION

WHEREFORE, Langdon removes this action from the Superior Court of North Carolina for the County of Wake to the United States District Court for the Eastern District of North Carolina Western Division, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b).

---

[4] Exhibit A contains the Complaint. Exhibit B contains the Civil Cover Sheet. Exhibit C contains the Summonses. Exhibit D contains the State Court Docket Sheet. Exhibit E contains the Notice of Designation as a Mandatory Complex Business Case. Exhibit F contains the Designation Order. Exhibit G contains the Assignment Order. Together, these documents encompass all "process, pleadings, and orders served" on Defendant Langdon in the State Court Action.

Respectfully submitted, this the 2nd day of October 2, 2025.


*<u>/s/ Jennifer K. Van Zant------</u>*
Jennifer K. Van Zant
N.C. State Bar No. 21280
S. Wilson Quick
N.C. State Bar No. 44725
**BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, LLP**
P.O. Box 26000
Greensboro, NC 27420
Telephone: 336-373-8850
Facsimile: 336-378-1001
jvanzant@brookspierce.com
wquick@brookspierce.com

*Attorneys for Defendant Langdon & Company, LLP.*